## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

LOUIE A. ROBINSON,

        Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA AND DON
HERBERT HENSEL, INDIVIDUALLY,

        Defendants.

Civil Action No. 3:15-cv-00100-TSL-RHW

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

Defendant The Prudential Insurance Company of America ("Prudential") and defendant Don Herbert Hensel ("Hensel") (collectively "Defendants"), by and through their attorneys, file this answer, affirmative and other defenses, and counterclaims to the Amended Complaint ("Complaint") of plaintiff Louie A. Robinson ("Plaintiff"):

## PARTIES

### COMPLAINT ¶1:

Plaintiff, Louie A. Robinson, is an adult resident citizen of Madison County, Mississippi residing at 191 Forest Lake Drive, Madison, Mississippi 39110.

### ANSWER:

Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint except admit that Plaintiff is an adult and admit, upon information and belief, that Plaintiff is a resident of Mississippi.

**COMPLAINT ¶2:**

Defendant, The Prudential Insurance Company of America is a foreign corporation headquartered in Newark, New Jersey and may be served with process through its registered agent, C. T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

**ANSWER:**

Defendants admit the allegations in paragraph 2 of the Complaint.

**COMPLAINT ¶3:**

Defendant, Don Herbert Hensel, Individually, is an adult resident citizen of the State of Louisiana and may be served with process at his place of business, 111 Veterans Boulevard, #725, Metairie, Louisiana 70005.

**ANSWER:**

Defendants admit the allegations in paragraph 3 of the Complaint.

## JURISDICTION

**COMPLAINT ¶4:**

This court has diversity jurisdiction based upon the fact that complete diversity exists among the parties and the amount in question exceeds $75,000.00.

**ANSWER:**

The allegations in paragraph 4 of the Complaint state conclusions of law only and thus no response is required.  To the extent a response is required, Defendants admit that Plaintiff purports to invoke this Court's jurisdiction as set forth in paragraph 4.

**COMPLAINT ¶5:**

This court has personal jurisdiction over the Defendants and venue is proper in this court.

**ANSWER:**

The allegations in paragraph 5 of the Complaint state conclusions of law only and thus no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to invoke this Court's jurisdiction and venue as set forth in paragraph 5.

19287583v.5

## FACTS

### COMPLAINT ¶6:

Plaintiff was employed with The Robinson Financial Group, a family owned and operated insurance agency.

### ANSWER:

Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, except admit, upon information and belief, that Plaintiff was associated with The Robinson Financial Group prior to joining Prudential and that The Robinson Financial Group was in the insurance business.

### COMPLAINT ¶7:

In July, 2010, Plaintiff was contacted by a representative of Grayling Associates, a financial services recruiting company. Plaintiff was asked if he would consider joining Prudential Insurance Company of America. After Grayling Associates contacted Plaintiff, Plaintiff was contacted by Don Hensel, the Managing Director for Prudential Insurance in Mississippi.

### ANSWER:

Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint except admit that Grayling Associates contacted Plaintiff about the possibility of his becoming associated with Prudential in Mississippi and that Hensel, a Prudential Managing Director, subsequently contacted Plaintiff.

### COMPLAINT ¶8:

Mr. Hensel told Plaintiff that if he would come to work for Prudential, Plaintiff would be the Manager of Financial Services (MFS) for Prudential Mississippi upon completion of the Management Development Program (MDP) on or about December 2010. Mr. Hensel further promised that Plaintiff, upon completion of the MDP and appointment to MFS, would establish an office in Jackson, Mississippi, and that all prospective agents would report directly to Plaintiff. Mr. Hensel also told Plaintiff that he would receive a support person to be paid by Prudential, a $140,000 budget, and an orphan book of business. As of February 27, 2014, all of the above mentioned promises and benefits were not received.

3

**ANSWER:**

Defendants deny the allegations in paragraph 8 of the Complaint except admit that Hensel told Plaintiff that he would become a Manager of Financial Services if and when he completed successfully the Prudential Management Development Program and that discussions were had regarding what support Plaintiff would have as a Manager of Financial Services, and aver that Prudential met any obligations that it had to Plaintiff.

**COMPLAINT ¶9:**

Mr. Hensel told Plaintiff that The Robinson Financial Group business activities to include Western and Midland would operate as an approved outside business activity; however, this could not be done. The change of broker/dealer registration for each client could not occur until a Prudential agreement was obtained. This process took one and one half years.

**ANSWER:**

Defendants deny the allegations in paragraph 9 of the Complaint, except admit that Defendant Prudential granted an exception to Plaintiff to maintain his appointment with Midland National for the purpose of receiving renewal commissions, although this exception did not allow Plaintiff to write any new contracts or solicit drop-ins to existing contracts. Defendants further admit that selling and service agreements were a prerequisite to some client transfers.

**COMPLAINT ¶10:**

Plaintiff accepted the position contingent upon the aforementioned Commitments made by the Defendants.

**ANSWER:**

Defendants deny the allegations in paragraph 10 of Plaintiff's Complaint.

**COMPLAINT ¶11:**

Thereafter, Plaintiff successfully completed the MDP in a relatively short Period of time.

4

**ANSWER:**

Defendants deny the allegations in paragraph 11 of the Complaint, except admit that

Plaintiff completed the MDP, Management Development Program.

**COMPLAINT ¶12:**

In January, 2014, Plaintiff contacted Scott Absher, Territorial Vice President, to inquire about the support person that was initially promised to Plaintiff by Mr. Hensel. Mr. Absher approved the hiring of a support person and the position was posted that month. However, in February, Mr. Hensel told Plaintiff that the support position intended for Jackson, Mississippi, would now be placed in New Orleans, Louisiana, not in Jackson.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 12 of the Complaint, except admit that there was dialogue regarding

a support person for the entire office between Plaintiff and Scott Absher ("Absher") at a certain

point. Defendants also admit that an Operations and Controls Specialist job vacancy was

authorized and posted, that a decision was made to locate the position in New Orleans, Louisiana

and that such decision was made known to Plaintiff.

**COMPLAINT ¶13:**

After Plaintiff began his employment with Defendant Prudential, Defendant Hensel would from time to time visit the Jackson, Mississippi office. Defendant Hensel was lawfully married at the time to Kay Hensel. Defendant Hensel recruited a female from New York Life named Rebecca Martin. Thereafter, Defendant Hensel began having an adulterous sexual relationship with a Martin at the King Edward Hilton Garden Inn which constitutes criminally illegal activity in the State of Mississippi. Plaintiff did not approve of Defendant Hensel's adulterous affair with Prudential employee Rebecca Martin and contacted Sandy Camus, Compliance Officer, in the Prudential New Orleans office to voice his disapproval. Plaintiff also contacted Scott Absher in Prudential's Baltimore office to voice his concerns about Defendant Hensel's adulterous affair with a co-employee. Shortly thereafter, Defendant Hensel began retaliating against Plaintiff and began down a path to ultimately destroy not only Plaintiff's employment relationship with Defendant Prudential but also Plaintiff's professional career and reputation. Defendant Hensel performed these illegal acts as an agent of Prudential.

**ANSWER:**

Defendants deny the allegations in paragraph 13 of the Complaint, except admit that

Hensel visited the Jackson, Mississippi office as part of his job duties as Manager of

Development; that Hensel was married at the time to Kay Hensel; that Rebecca Martin

("Martin"), a female, was recruited from New York Life to Prudential and that Hensel played a

role in the recruitment process; and aver that no affair and no criminal activity occurred.

Defendants further respond that to the extent the allegations in paragraph 13 state conclusions of

law only, no response is required.

**COMPLAINT ¶14:**

Plaintiff subsequently inquired about the aforementioned commitments that were made to
Plaintiff to entice Plaintiff to come to work with Prudential, by Mr. Hensel.  Mr. Hensel's
responses to Plaintiff's inquiries were, Plaintiff's "notes were wrong and the verbiage was
incorrect."

**ANSWER:**

Defendants deny the allegations in paragraph 14 of the Complaint, except admit that

Plaintiff complained to Hensel, that Hensel explained to Plaintiff that his complaints were

unfounded and that Plaintiff's descriptions of promises alleged made to him were wrong and

incorrect.

**COMPLAINT ¶15:**

In a complete about-face, Mr. Hensel demanded to review six (6) Midland Files which
Defendants had previously agreed that Plaintiff would be allowed to bring with him when he
joined Prudential.  According to Mr. Hensel, if Plaintiff did not turn over these files, Plaintiff
would be required to take a paid leave of absence until the said files were turned over.
Mr. Hensel stated to Plaintiff that "it is in your best interest to turn over files."

**ANSWER:**

Defendants deny the allegations in paragraph 15 of the Complaint, except admit that

Defendants properly requested access to files of clients who had previously purchased products

19287583v.5

associated with Midland National and that when Plaintiff initially refused to produce such files

for review, Plaintiff was advised of the potential consequences of his refusal, including being

placed on a leave of absence, and was told that it would be in his best interest to produce the files

as directed.

## COMPLAINT ¶16:

On February 27, 2014, at approximately 11:45 a.m., a large gentleman came in the Prudential office in Jackson, Mississippi. The gentleman indicated that he was allegedly seeking financial services. The gentleman was found to be a private investigator hired by the Defendant. Subsequently, Defendants reported to FINRA false and defamatory statements which have caused irreparable injury to Mr. Robinson's professional reputation.

## ANSWER:

Defendants deny the allegations in paragraph 16 of the Complaint, except deny

knowledge or information sufficient to form a belief as to the truth of the allegations regarding

the alleged unidentified gentleman, and admit that pursuant to its regulatory obligations,

Defendants made a mandatory report to FINRA regarding Plaintiff, and aver that such statements

were truthful. Defendants further respond that to the extent that the allegations in paragraph 16

state pure legal conclusions, no response is required.

## COMPLAINT ¶17:

Defendants' actions were willful, intentional, and in reckless disregard for Plaintiff's rights protected by the laws of the State of Mississippi.

## ANSWER:

Defendants deny the allegations in paragraph 17 of Plaintiff's Complaint. Defendants

further respond that to the extent that the allegations in paragraph 17 state pure legal conclusions,

no response is required.

19287583v.5

## CAUSES OF ACTION

## COUNT ONE:  PROMISSORY ESTOPPEL

**COMPLAINT ¶18:**

Plaintiff incorporates the above paragraphs 1 through 17 as though specifically set forth herein and alleges as follows:

**ANSWER:**

In response to paragraph 18 of the Complaint, Defendants repeat and re-allege their

responses to the allegations in paragraphs 1 through 17 of the Complaint.

**COMPLAINT ¶19:**

Mr. Hensel promised Plaintiff that upon completion of the MDP and appointment to MFS, Plaintiff could establish an office in Jackson, Mississippi, and that all prospective agents would report directly to Plaintiff.  Mr. Hensel also promised Plaintiff that he would receive a support person paid by Prudential, a $140,000 budget, and an orphan book of business.  These false representations induced Plaintiff to enter into an employment agreement with the Defendants.

**ANSWER:**

Defendants deny the allegations in paragraph 19 of the Complaint, except admit that

Plaintiff was recruited to become (and, in fact, became) the Manager of Financial Services

following his successful completion of the MDP, that Prudential agreed to open an office in

Jackson, Mississippi where Plaintiff would work, that Plaintiff was told that he would supervise

agents, but no promise was made that he would be the only one to supervise agents, or that they

would report solely to him, that discussions were had regarding what additional support the

office would have, and aver that Prudential met all obligations that it had to Plaintiff.

**COMPLAINT ¶20:**

Defendants, Prudential Insurance Company and Donald Herbert Hensel, should have reasonably expected that Plaintiff would rely on such promises.

**ANSWER:**

Defendants deny the allegations in paragraph 20 of the Complaint.

19287583v.5

**COMPLAINT ¶21:**

Plaintiff did in fact justifiably rely on that promise by completing the Management Development Program.

**ANSWER:**

Defendants deny the allegations in paragraph 21 of the Complaint, except admit that

Plaintiff completed the Management Development Program.

**COMPLAINT ¶22:**

As a result of Defendants, Prudential Insurance Company and Donald Herbert Hensel, false promises and misrepresentation, Plaintiff has suffered special and general damages.

**ANSWER:**

Defendants deny the allegations in paragraph 22 of the Complaint.

**COMPLAINT ¶23:**

Plaintiff reasonably relied to his detriment upon Defendant's false statements and misrepresentations.  As the intended, direct and proximate result thereof, Plaintiff has been harmed, and continues to suffer harm, for which the Defendants' are liable.

**ANSWER:**

Defendants deny the allegations in paragraph 23 of the Complaint.

**COMPLAINT ¶24:**

Plaintiff has been damaged by the Defendants' fraudulent representations and conduct in an amount in excess of $1,000,000, to be determined at trial.

**ANSWER:**

Defendants deny the allegations in paragraph 24 of the Complaint.

## COUNT TWO:  FRAUDULENT INDUCEMENT

**COMPLAINT ¶25:**

Plaintiff incorporates the above paragraphs 1 through 24 as though specifically set forth herein and alleges as follows:

19287583v.5

**ANSWER:**

In response to paragraph 25 of the Complaint, Defendants repeat and re-allege their responses to the allegations in paragraphs 1 through 24 of the Complaint.

**COMPLAINT ¶26:**

Mr. Hensel promised Plaintiff that upon completion of the MDP and appointment to MFS, Plaintiff could establish an office in Jackson, Mississippi, and that all prospective agents would report directly to Plaintiff. Mr. Hensel also promised Plaintiff that he would receive a support person paid by Prudential, a $140,000 budget, and an orphan book of business. As of February 27, 2014, all of the above promises mentioned were not received. These false representations induced Plaintiff to enter into an employment agreement with the Defendants.

**ANSWER:**

Defendants deny the allegations in paragraph 26 of the Complaint, except admit that Plaintiff was recruited to become (and, in fact, became) the Manager of Financial Services following his successful completion of the MDP, that Prudential agreed to open an office in Jackson, Mississippi where Plaintiff would work, that Plaintiff was told that he would supervise agents, but no promise was made that he would be the only one to supervise agents, or that they would report solely to him, that discussions were had regarding what additional support the office would have, and aver that Prudential met all obligations that it had to Plaintiff.

**COMPLAINT ¶27:**

Plaintiff alleges that Mr. Hensel's[sic] was aware that the promises he made to Plaintiff, the promises that Plaintiff relied on, were false representations. Mr. Hensel[sic] actions after Plaintiff inquired about the promises made to Plaintiff by Mr. Hensel to Mr. Scott Absher, show that Mr. Hensel was trying to cover his false representations to Plaintiff. Mr. Hensel stating that Plaintiff's notes were wrong or the verbiage was incorrect, was another way for Mr. Hensel to try and cover up the false representation he made to Plaintiff upon recruiting Plaintiff to work for the Defendant. Furthermore, Mr. Hensel's promises made to Plaintiff, the ones that enticed Plaintiff to come to work for the Defendant, led to the injury complained of above.

**ANSWER:**

Defendants deny the allegations in Paragraph 27 of the Complaint.

**COMPLAINT ¶28:**

Plaintiff relied on Mr. Hensel's misrepresentation when Plaintiff decided to engage in an employment contract with the Defendant.

**ANSWER:**

Defendants deny the allegations in paragraph 28 of the Complaint.

**COMPLAINT ¶29:**

The Defendant, Don Hensel, fraudulently misrepresented to the Plaintiff that Plaintiff would be the Manager of Financial Services of Prudential, and that Plaintiff would also receive a support person paid by Prudential, a $140,000 budget, and an orphan book of business.

**ANSWER:**

Defendants deny the allegations in paragraph 29 of the Complaint, except admit that

Plaintiff was recruited to become (and, in fact, became) the Manager of Financial Services

following his successful completion of the MDP and that discussions were had regarding what

additional support the office would have, and aver that Prudential met all obligations that it had

to Plaintiff.

**COMPLAINT ¶30:**

Plaintiff reasonably relied to his detriment upon Defendant's false statements and misrepresentations.  As the intended, direct and proximate result thereof, Plaintiff has been harmed, and continues to suffer harm, for which the Defendants are liable.

**ANSWER:**

Defendants deny the allegations in paragraph 30 of the Complaint.

**COMPLAINT ¶31:**

Plaintiff has been damaged by the Defendants' fraudulent representations and conduct in an amount in excess of $1,000,000, to be determined at trial.

**ANSWER:**

Defendants deny the allegations in paragraph 31 of the Complaint.

19287583v.5

## COUNT THREE:  WRONGFUL TERMINATION

**COMPLAINT ¶32:**

Plaintiff incorporates the above paragraphs 1 through 31 as though specifically set forth herein and alleges as follows:

**ANSWER:**

In response to paragraph 32 of the Complaint, Defendants repeat and re-allege their responses to the allegations in paragraphs 1 through 31 of the Complaint.

**COMPLAINT ¶33:**

After Plaintiff contacted Scott Absher, Territorial Vice-President, regarding the adulterous affair between Defendant Hensel and Prudential employee Rebecca Martin, Mr. Hensel retaliated against Plaintiff by laying the ground work for terminating Plaintiff's employment.

**ANSWER:**

Defendants deny the allegations in paragraph 33 of the Complaint, and further aver that Plaintiff never contacted Scott Absher about any adulterous affair regarding Defendant Hensel and Rebecca Martin, nor had any affair or criminal activity occurred.

**COMPLAINT ¶34:**

The acts of the Defendant constitute a willful and intentional violation of Mississippi common law and constitute the tort of wrongful termination.

**ANSWER:**

Defendants deny the allegations in paragraph 34 of the Complaint.  Defendants further respond that to the extent that the allegations contained in paragraph 34 state pure legal conclusions, no response is required.

**COMPLAINT ¶35:**

Plaintiff has been damaged by the Defendants' wrongful termination and retaliation in an amount in excess of $1,000,000, to be determined at trial.

**ANSWER:**

Defendants deny the allegations in paragraph 35 of the Complaint.

**COUNT FOUR:  TORTIOUS INTERFERENCE - DON HERBERT HENSEL**

**COMPLAINT ¶36:**

Plaintiff incorporates the above paragraphs 1 through 35 as though specifically set forth herein and alleges as follows:

**ANSWER:**

In response to paragraph 36 of the Complaint, Defendants repeat and re-allege their responses to the allegations in paragraphs 1 through 35 of the Complaint.

**COMPLAINT ¶37:**

Defendant's actions constitute tortious interference in violation of the Laws of the State of Mississippi.

**ANSWER:**

Defendants deny the allegations in paragraph 37 of the Complaint.  Defendants further respond that to the extent that the allegations in paragraph 37 state pure legal conclusions, no response is required.

**COMPLAINT ¶38:**

Plaintiff has suffered adverse employment action as a result of the Defendant's interference with Plaintiff's employment relationship with Defendant Prudential.

**ANSWER:**

Defendants deny the allegations set forth in paragraph 38 of the Complaint, except admit that Plaintiff's association with Prudential was terminated.  Defendants further respond that to the extent that the allegations contained in paragraph 38 state pure legal conclusions, no response is required.

19287583v.5

**COMPLAINT ¶39:**

     Plaintiff has been harmed as a result of the Defendants' interference and Defendants are liable to the Plaintiff for the same.

**ANSWER:**

     Defendants deny the allegations in paragraph 39 of the Complaint.

## COUNT FIVE:  DEFAMATION

**COMPLAINT ¶40:**

     Plaintiff incorporates the above paragraphs 1 through 39 as though specifically set forth herein and alleges as follows:

**ANSWER:**

     In response to paragraph 40 of the Complaint, Defendants repeat and re-allege their

responses to the allegations in paragraphs 1 through 39 of the Complaint.

**COMPLAINT ¶41:**

     Defendants' actions constitute defamation in violation of the Laws of the State of Mississippi.

**ANSWER:**

     Defendants deny the allegations in paragraph 41 of the Complaint.  Defendants further

respond that to the extent that the allegations in paragraph 41 state pure legal conclusions, no

response is required.

**COMPLAINT ¶42:**

     Defendants reported false and defamatory statements regarding Mr. Robinson to FINRA subjecting Mr. Robinson to an unwarranted investigation and subsequent Cautionary Action which has caused substantial and irreparable injury to Mr. Robinson's professional reputation.

**ANSWER:**

     Defendants deny the allegations in paragraph 42 of the Complaint, and aver that all

statements submitted to FINRA were truthful.

**COMPLAINT ¶43:**

Plaintiff has been damage[sic] by the Defendants' defamatory statements in an amount in excess of $1,000,000.00 to be determined at trial.

**ANSWER:**

Defendants deny the allegations in paragraph 43 of the Complaint.

**COUNT SIX:  CONVERSION**

**COMPLAINT ¶44:**

Plaintiff incorporates the above paragraphs 1 through 43 as though specifically set forth herein and alleges as follows:

**ANSWER:**

In response to paragraph 44 of the Complaint, Defendants repeat and re-allege their responses to the allegations in paragraphs 1 through 43 of the Complaint.

**COMPLAINT ¶45:**

Defendants' actions constitute conversion in violation of the Laws of the State of Mississippi.

**ANSWER:**

Defendants deny the allegations in paragraph 45 of the Complaint.  Defendants further respond that to the extent that the allegations in paragraph 45 state pure legal conclusions, no response is required.

**COMPLAINT ¶46:**

Defendants unilaterally converted monies belonging to Plaintiff by deducting payroll payments for Mary Robison from Mr. Robinson's earned commissions.

**ANSWER:**

Defendants deny the allegations in paragraph 46 of  the Complaint.

**PRAYER FOR RELIEF**

19287583v.5

Defendants deny that Plaintiff is entitled to any relief requested in the Prayer for Relief or to any other relief.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that they otherwise do not have as a matter of law, Defendants assert the following affirmative and other defenses:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrines of after-acquired evidence and/or unclean hands, and/or the applicable principles of laches, waiver, and/or estoppel, quasi-estoppel, and/or equitable estoppel.

### THIRD DEFENSE

Subject to proof through discovery, Plaintiff has failed to mitigate adequately his purported damages.

### FOURTH DEFENSE

Plaintiff's claims for compensatory and/or punitive damages and/or attorney's fees may be barred or limited, in whole or in part, by the United States Constitution, the Mississippi Constitution and/or by the statutes under which this action purportedly is brought.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statutes and/or common law doctrines under which they are asserted.

19287583v.5

**SIX DEFENSE**

Defendants, at all times and in all manners, acted in accordance with any and all duties and obligations that they may have had under the laws and regulations of the United States and the State of Mississippi.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

**EIGHTH DEFENSE**

Plaintiff cannot establish a *prima facie* case of promissory estoppel because Defendants did not make any promises they did not keep.

**NINTH DEFENSE**

Plaintiff cannot establish a *prima facie* case of fraudulent inducement because any and all representations made to Plaintiff were truthful.

**TENTH DEFENSE**

Plaintiff cannot establish a *prima facie* case of wrongful termination because he never reported any illegal activity, nor could he establish a causal connection between any reports he allegedly made and his termination.

**ELEVENTH DEFENSE**

With respect to any employment action taken by Defendants, as challenged herein, Plaintiff's claims are barred because Defendants would have taken the same legitimate, non-retaliatory employment action irrespective of Plaintiff's alleged actions.

**TWELFTH DEFENSE**

Plaintiff cannot establish a *prima facie* case of tortious interference by Hensel, who occupied a position of responsibility for Prudential, because Hensel acted in good faith within

19287583v.5

the scope of his responsibility, and was privileged with regard to any actions he took concerning Robinson.

## THIRTEENTH DEFENSE

All actions Defendants took with respect to Plaintiff's position as a Manager of Financial Services, and the termination thereof, were done in a manner consistent with all applicable laws, regulations, and contractual obligations.

## FOURTEENTH DEFENSE

Plaintiff cannot establish a *prima facie* case of defamation, and fails to plead his claim of defamation with the requisite specificity.

## FIFTEENTH DEFENSE

Plaintiff's claim of defamation is barred because the statements made to FINRA  were truthful, privileged, and legally mandated statements made in good faith, for which Prudential is entitled to immunity from suit and liability.

## SIXTEENTH DEFENSE

Plaintiff's claim of defamation is barred by Mississippi Securities Act§ 75-71-507, which adopts §507 of the Uniform Securities Act, and accords Defendants with "qualified immunity." There is no clear and convincing evidence that Defendants knew, or should have known at the time that the statement was made, that it was false in a material respect or that they were reckless in not knowing that the information disclosed on the Form U5 was false.

## SEVENTEENTH DEFENSE

Plaintiff's own culpable conduct caused, in whole or in part, whatever damages he may have suffered.

## EIGHTEENTH DEFENSE

19287583v.5

Plaintiff's defamation claims are barred, in whole or part, as Prudential reported information regarding Plaintiff that FINRA Rule 2010 would consider not "observ[ing] high standards of commercial honor and just and equitable principles of trade."

### NINETEENTH DEFENSE

Plaintiff has failed to establish damages resulting from Prudential's report to FINRA.

### TWENTIETH DEFENSE

Plaintiff cannot establish a *prima facie* case of conversion because any and all payroll deductions were lawful.

### RESERVATION OF RIGHTS

Defendants reserved their right to amend their answer and to assert any additional affirmative or other defenses as may become available or apparent at a future date.

### PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief requested in his PRAYER FOR RELIEF or to any other relief.

### REQUESTED RELIEF

**WHEREFORE**, Defendants pray for the following relief:

1.  That the Court dismiss the Complaint in its entirety on the merits;

2.  That Defendants be awarded the costs of this action, including reasonable attorneys, accountants, and auditors fees; and

3.  That Defendants be awarded such other and further relief as the Court may deem just and proper.

19287583v.5

DATED:  April 6, 2015                    Respectfully submitted,


                                         By: s/Barbara Childs Wallace
                                         _____
                                             BARBARA CHILDS WALLACE
                                             (MB#6725)
                                             bcw@wisecarter.com
                                             MARK P. CARAWAY (MB#5860)
                                             mpc@wisecarter.com



**OF COUNSEL:**

WISE CARTER CHILD & CARAWAY
P.O. Box 651 (39205)
401 E. Capitol Street, Suite 600 (39201)
Jackson, Mississippi
Phone: 601-968-5500
Facsimile: 601-968-5519

SEYFARTH SHAW LLP
Lorie Almon *
620 Eighth Avenue
New York, NY  10018-1405
Phone: 212-218-5517
Facsimile: 212-218-5526
lalmon@seyfarth.com

*Pro hac vice motion to be filed

19287583v.5

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2015, I electronically filed the foregoing Answer to Complaint and Affirmative and Other Defenses with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

Louis H. Watson
Nick Norris
Watson & Norris, PLLC
1880 Lakeland Drive
Jackson, Mississippi 39216
Phone: (601) 968-0000
Fax: (601) 968-0010
*Attorneys for Plaintiff*

s/ Barbara Childs Wallace
BARBARA CHILDS WALLACE

19287583v.5