IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LOUIE A. ROBINSON**                                                                                     **PLAINTIFF**

**VS.**                                                           **CIVIL ACTION NO.: 3:15-CV-100-TSL-RHW**

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
AND DON HERBERT HENSEL, INDIVIDUALLY**                                          **DEFENDANTS**

---

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT THREE
OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

Defendants The Prudential Insurance Company of America ("Prudential") and Don Herbert Hensel ("Hensel") file this their Memorandum in Support of Motion to Dismiss, respectfully requesting this Court to dismiss with prejudice Count Three of the First Amended Complaint filed by the Plaintiff, Louie A. Robinson ("Robinson"). Robinson has failed to state a claim upon which relief can be granted, which is required by Rule 12(b)(6) of the Federal Rules of Civil Procedure. Therefore, the Defendants pray that this Count be dismissed in its entirety.

**I. FACTS**

Robinson has alleged that his employment was wrongfully terminated in violation of the Mississippi common law tort of wrongful discharge developed under *McArn v. Allied Bruce-Terminix Co., Inc.*, 626 So.2d 603, 607 (Miss. 1993). The only facts that he has alleged[1] in his First Amended Complaint to support this claim in Count Three are the following:

---

[1] Although Prudential disputes the accuracy of many of the facts alleged by Robinson, they will be taken as true for the purpose of this Motion only.

19563538v.1

¶3.   Defendant, Don Herbert Hensel, Individually, is an adult resident citizen of the State of Louisiana and may be served with process at his place of business, 111 Veterans Boulevard, #725, Metairie, Louisiana 70005.

¶7.   In July, 2010, Plaintiff was contacted by a representative of Grayling Associates, a financial services recruiting company. Plaintiff was asked if he would consider joining Prudential Insurance Company of America. After Grayling Associates contacted Plaintiff, Plaintiff was contacted by Don Hensel, the Managing Director for Prudential Insurance in Mississippi.

***

¶13.   After Plaintiff began his employment with Defendant Prudential, Defendant Hensel would from time to time visit the Jackson, Mississippi office. Defendant Hensel was lawfully married at the time to Kay Hensel. Defendant Hensel recruited a female from New York Life named Rebecca Martin. Thereafter, Defendant Hensel began having an adulterous sexual relationship with Rebecca Martin at the King Edward Hilton Garden Inn which constitutes criminally illegal activity in the State of Mississippi. Plaintiff did not approve of Defendant Hensel's adulterous affair with Prudential employee Rebecca Martin and contacted Sandy Camus, Compliance Officer, in the Prudential New Orleans office to voice his disapproval. Plaintiff also contacted Scott Absher in Prudential's Baltimore office to voice his concerns about Defendant Hensel's adulterous affair with a co-employee. Shortly thereafter, Defendant Hensel began retaliating against Plaintiff and began down a path to ultimately destroy not only Plaintiff's employment relationship with Defendant Prudential but also Plaintiff's professional career and reputation. Defendant Hensel performed these illegal acts as an agent of Prudential.

***

¶33.   After Plaintiff contacted Scott Absher, Territorial Vice-President, regarding the adulterous affair between Defendant Hensel and Prudential employee Rebecca Martin, Mr. Hensel retaliated against Plaintiff by laying the ground work for terminating Plaintiff's employment.

¶34.   The acts of the Defendant constitute a willful and intentional violation of Mississippi common law and constitute the tort of wrongful termination.

These bare facts do not establish that Robinson was wrongfully discharged in violation of Mississippi common law.

19563538v.1

## II. STANDARD OF REVIEW

Although Robinson's First Amended Complaint need only satisfy the simplified pleading standard of Rule 8(a), Robinson is required to show an entitlement to relief. *Hall v. Georgia Gulf Chemicals & Vinyls, LLC*, 2010 WL 5333690*1 (S.D.Miss.), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3, 570 (2007). Indeed, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain enough factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Hall v. Georgia Gulf Chemicals & Vinyls*, at *1, *quoting Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1950 (2009). The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 559. Indeed, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Southern v. Ethridge,* 2010 WL 1780193*1 (S.D.Miss), *quoting Ashcroft v. Iqbal,* 129 S.Ct. at 1950. Robinson has done nothing more than allege such labels and conclusions without the "factual content" to support his claim, and Count Three should be dismissed.

## III. ROBINSON FAILED TO ALLEGE THE NECESSARY ELEMENTS TO SUPPORT A CLAIM FOR WRONGFUL DISCHARGE

It is beyond dispute that Mississippi is an employment at will state, which means that an employee may quit or be terminated at the will of the employer, for good reason, wrong reason, or no reason at all. *DeCarlo v. Bonus Stores, Inc. d/b/a Bill's Dollar Stores, Inc., et al.,* 989 So.2d 351, 354 (Miss. 2008). In 1993, the Court carved out two public policy exceptions to this at will doctrine, holding that:

> "(1) an employee who refuses to participate in an illegal act as in *Laws [v. Aetna Finance Co.,* 667 F.Supp. 342 (N.D.Miss. 1987)] shall not be barred by the common law rule of employment at will from bringing an action in tort in

damages against his employer; (2) an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer."

*McArn*, 626 So.2d at 607. Robinson is ostensibly attempting to bring his claim under the second prong of the two exceptions.

A.  **The Alleged Affair Between Hensel and Martin Did Not Relate To Prudential's Business**.

Since 1993, the Mississippi courts have further defined what proof this public policy exception requires. In *DeCarlo,* and pursuant to a certified question from the Fifth Circuit, the Mississippi Supreme Court held that an employee may state a retaliatory discharge claim for reporting a co-employee's illegal acts that relate to the employer's business. *DeCarlo* 989 So.2d at 357. In that case, the plaintiff reported illegal billing for fixtures that were never delivered to the employer, thus harming the employer's business by losing corporate income.

However, if the illegal activity reported by the plaintiff does not relate to the employer's business, no tortious activity exists. For instance, in *Jones v. Fluor Daniel Services Corp.*, 959 So.2d 1044 (Miss. 2007), two black employees were terminated after reporting to their employer that their supervisor had made a racial slur about blacks while giving instructions to Mexican workers. The plaintiffs alleged that the supervisor's actions constituted two statutory violations for disturbance of the peace and provoking the breach of peace, pursuant to Miss. Code Ann. §§ 97-35-15 and 97-35-3 respectively. The *Jones* Court held that, even if the supervisor had violated one of those statutes by his actions, "this issue does not rise to the level necessary to fit into the very narrow exceptions to the employment-at-will doctrine. The alleged 'breach of the peace' had nothing to do with the business of Fluor Daniel." *Jones*, 959 So.2d at 1047. *See also Neyland v. Henley-Young Juvenile Justice Center*, 2011 WL 1980276*8 (S.D. Miss.) (Reported

19563538v.1

assault by a co-worker had nothing to do with the employer's business itself); *Bailey v. Cooper Lighting, Inc., et al.,* 2008 WL 1868568*3 (S.D.Miss.) (Motion to Dismiss granted because plaintiff's alleged simple assault by a co-worker upon the plaintiff cannot be said to relate to or have "actually had something to do with the business" of Cooper Lighting.).

In making the determination as to whether the reported activity related to the employer's business under *McArn,* this Court granted the employer's Motion to Dismiss in *Hall v. Georgia Gulf Chemicals & Vinyls, LLC,* 2010 WL 5333690*2 (S.D.Miss.), because the Plaintiff failed to plead facts that could "plausibly suggest a basis for a finding that Georgia Gulf is vicariously criminally liable for its employee's assault on plaintiff." *Id.*

> Under Mississippi law, an employer cannot be held vicariously liable for its employee's actions unless it authorized or ratified his conduct, or if the actions were taken in the course and scope of the employee's employment...The only factual allegations in the complaint are that a co-worker assaulted plaintiff, that plaintiff reported the assault, and that he was terminated in retaliation for reporting the assault. There is no allegation that Georgia Gulf authorized the assault or any facts alleged to support an inference that it ratified the assault or that the assault occurred in the course or scope of employment.

*Id.* (internal citations omitted). Therefore, this Court held that the actions being reported did not relate to the employer's business, and he did not allege sufficient facts to make out a claim under *McArn.*

Here, Robinson similarly failed to plead that Prudential authorized or ratified the alleged affair between Hensel and Martin, or that the affair came within the course and scope of Hensel's employment. He did no more than to allege, in conclusory terms and without providing "factual content," that "Hensel performed these illegal acts as an agent of Prudential." (Complaint ¶13) Therefore, because he has pled no facts to establish vicarious liability on the part of Prudential for Hensel's actions with respect to Count Three, or that Hensel's alleged affair related in any

way to Prudential's business, Robinson has failed to plead a necessary element for a cause of action for retaliatory discharge, and Count Three should be dismissed.

B.  **The Conduct About Which Robinson Complained Was Not Criminally Illegal.**

Even if the alleged "adulterous affair" (Complaint ¶33) that was reported by Robinson related in some way to Prudential's business, it would still not fit within the employment at will public policy exception. The Mississippi Supreme Court has determined that the conduct being reported actually has to be "criminally illegal," warranting criminal penalties, as opposed to civil penalties. *See Kyle v. Circus Circus Mississippi, Inc.,* 430 Fed. Appx. 247, 250-52 (5th Cir. 2011). All that Robinson has alleged is adultery between two co-workers, which is not a crime in Mississippi.

Although in the past adultery was considered a crime in this state, the Mississippi Supreme Court in 1992 held that the cause of action had "outlived its usefulness," and it "declared its demise...." *Saunders v. Alford*, 607 So.2d 1214 (Miss. 1992). The only crime concerning adultery that still exists in this state is the crime of unlawful cohabitation with habitual sexual intercourse. Miss. Code Ann. § 97-29-1. However, this crime requires at least "habitual concubinage or laying together." *Saunders,* 607 So.2d at 1219; *Granberry v. State,* 61 Miss. 440 (1884). *See also Cutrer v. State,* 121 So. 106, 107 (Miss. 1929) ("In the instant case, no cohabitation or living together is shown, but only a number of acts of sexual intercourse, which is not sufficient to show the habitual relation, condemned by the statute, between the parties.") Note also that Robinson failed even to cite to a criminal statute to support his allegation of reporting criminal activity. *See Kyle,* 430 Fed. Appx. at 252. Moreover, a mere good faith belief that the conduct that was being reported was illegal does not qualify for the

*McArn* public policy exception. *Vaughn v. Carlock Nissan of Tupelo, Inc.*, 2011 WL 3651271*4 (N.D.Miss. 2011), *aff'd in relevant part* 553 Fed. Appx. 438, 441 (5th Cir. 2014).

All Robinson has alleged is that Hensel, who is a resident of Louisiana and whose business is based in Louisiana (Complaint ¶3), came to Jackson "from time to time" (Complaint ¶13) and met Rebecca Martin at the King Edward Hilton Garden Inn to have an adulterous sexual relationship. Taking this as true for the purpose of this Motion only (and the Defendants strongly deny that it is true), the allegation does not constitute any indication that the parties cohabited or lived together, and that it was nothing more than some isolated acts of sexual relations. This does not constitute a crime in Mississippi, with criminal penalties, and Robinson therefore failed to state a claim under *McArn*.

**C.     Robinson Has Not Alleged That He Reported The Affair Because It Was Illegal.**

The face of the First Amended Complaint establishes that Robinson reported the alleged sexual relationship between Hensel and Martin because he "did not approve" of the affair, and to "voice his concerns" about it. (Complaint ¶13) The Mississippi Supreme Court in *Jones v. Fluor Daniel Services Corporation* held this to be insufficient to prove wrongful retaliatory discharge.

> Furthermore, there is no evidence that Amaro's conduct was reported *because* it was illegal. The deposition testimony makes very clear that Amaro's comments and behavior merely bothered the plaintiffs, not that they ever considered the conduct to be criminal. We find that this is not a situation which would merit an exception to the longstanding employment-at-will doctrine.

959 So.2d at 1048 (emphasis in original). *See also Crawford v. Bannum Place of Tupelo*, 556 Fed. Appx. 279, 287 (5th Cir. 2014) ("...Crawford failed to show that he reported the alleged illegal conduct *because* it was illegal.") (emphasis in original).

Robinson has simply failed to allege facts sufficient to establish wrongful discharge under the *McArn* public policy exception. He failed to allege, and he cannot prove, that the

19563538v.1

conduct at issue related to Prudential's business, or that the alleged affair was criminally illegal, or that he reported it because it was illegal rather than just bothering him. Therefore, Defendants pray that Count Three of the First Amended Complaint be dismissed in its entirety.

THIS, the 6th day of April, 2015.

Respectfully submitted,

s/Barbara Childs Wallace
BARBARA CHILDS WALLACE (MB#6725)
bcw@wisecarter.com
MARK P. CARAWAY (MB#5860)
mpc@wisecarter.com

ATTORNEYS FOR THE DEFENDANTS

OF COUNSEL:

WISE CARTER CHILD & CARAWAY
P.O. Box 651 (39205)
401 E. Capitol Street, Suite 600 (39201)
Jackson, Mississippi
Phone: 601-968-5500
Facsimile: 601-968-5519

SEYFARTH SHAW LLP
Lorie Almon *
620 Eighth Avenue
New York, NY  10018-1405
Phone: 212-218-5517
Facsimile: 212-218-5526
lalmon@seyfarth.com

*Pro hac vice motion to be filed

19563538v.1

## CERTIFICATE OF SERVICE

I, Barbara Childs Wallace, attorney for the Defendants, do hereby certify that on April 6, 2015, I electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to the following:

>Louis H. Watson, Jr.
>WATSON & NORRIS, PLLC
>1880 Lakeland Drive
>Jackson, Mississippi 39216-4972
>louis@watsonnorris.com
>
>ATTORNEY FOR THE PLAINTIFF

>By: s/Barbara Childs Wallace
>BARBARA CHILDS WALLACE

19563538v.1